UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SAM CLAY, TEDDY ROBINSON, and SHANA DIXON,

                          Plaintiffs,

      -against-

CITY OF NEW YORK, ANDREW KINSELLA, Individually,
ROBERT HANSON, Individually, CORNELIUS BUCKLEY,
Individually, MATTHEW FRIED, Individually, GERARD
DELPRETE, Individually, SALVATORE DESANTIS,
Individually, JOHN FANIZZI, Individually, RANDALL
LITTRELL, Individually, MICHAEL LOPRESTI, Individually,
BRENDAN O'BRIEN, Individually, VINCENT ORSINI,
Individually, MICHAEL RIVERA, Individually,
MATHEW REICH, Individually, JOSEPH RYAN, Individually,
ARTHUR TRUSCELLI, Individually, NICHOLAS VELEZ,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                          Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 1633
(CBA) (CLP)

<u>Jury Trial Demanded</u>

       Plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SAM CLAY is a thirty-nine year old African American man residing in Staten Island, New York.

7. Plaintiff TEDDY ROBINSON is a thirty-six year old African American man residing in Staten Island, New York.

8. Plaintiff SHANA DIXON is a twenty-two year old African American woman residing in Staten Island, New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants,

ANDREW KINSELLA, ROBERT HANSON, CORNELIUS BUCKLEY, MATTHEW FRIED, GERARD DELPRETE, SALVATORE DESANTIS, JOHN FANIZZI, RANDALL LITTRELL, MICHAEL LOPRESTI, BRENDAN O'BRIEN, VINCENT ORSINI, MICHAEL RIVERA, MATHEW REICH, JOSEPH RYAN, ARTHUR TRUSCELLI, NICHOLAS VELEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On November 16, 2011, at approximately 7:00 p.m., plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON were lawfully present in the vicinity of 173 North Burgher Avenue, Staten Island, New York, when defendants ANDREW KINSELLA, ROBERT HANSON, CORNELIUS BUCKLEY, MATTHEW FRIED, GERARD DELPRETE, SALVATORE DESANTIS, JOHN FANIZZI, RANDALL LITTRELL, MICHAEL LOPRESTI, BRENDAN O'BRIEN, VINCENT ORSINI, MICHAEL RIVERA, MATHEW REICH, JOSEPH RYAN, ARTHUR TRUSCELLI and NICHOLAS VELEZ entered 173 North Burgher Avenue to execute a search warrant or otherwise participated in the execution of a warrant at said location.

15. Notwithstanding the fact that plaintiffs do not live at 173 North Burgher Avenue and were merely present near 173 North Burgher Avenue when the defendant officers executed the warrant, the plaintiffs were handcuffed, arrested, and transported to the 120th police precinct and imprisoned therein.

16. The defendant officers lacked probable cause to arrest plaintiffs.

17. Defendant KINSELLA created arrest documents and signed and swore to the criminal court complaints which were filed against plaintiffs which contained false and manufactured allegations and conveyed said allegations to the Richmond County District Attorney's Office.

18. As a result, plaintiffs ROBINSON and DIXON were imprisoned until November 16, 2011 at approximately 10:00 p.m., when they was released with desk appearance tickets compelling their appearance in Richmond County Criminal Court on November 17, 2011. On said date, said plaintiffs were arraigned on false charges filed against them in Richmond County Criminal Court under docket numbers 2011RI010317 and 2011RI010318, respectively, said charges having been filed based on the false allegations of defendant KINSELLA.

19. Plaintiff CLAY was imprisoned until he was arraigned on November 17, 2011 on false charges filed against him in Richmond County Criminal Court under docket number 2011RI010316, said charges having been filed based on the false allegations of defendant KINSELLA.

20. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to increase their

team's productivity levels, to receive extra compensation, and/or for personal advancement.

21. As a result of the defendant KINSELLA's false statements to the Richmond County District Attorney, plaintiffs were required to return to court on numerous occasions.

22. On July 17, 2012, the baseless charges levied against plaintiff DIXON were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

23. On March 7, 2013, the baseless charges levied against plaintiffs ROBINSON and CLAY were dismissed and sealed.

24. Defendant officers ROBERT HANSON, who held the rank of deputy inspector, and CORNELIUS BUCKLEY, who held the rank of sergeant, supervised defendants ANDREW KINSELLA, MATTHEW FRIED, GERARD DELPRETE, SALVATORE DESANTIS, JOHN FANIZZI, RANDALL LITTRELL, MICHAEL LOPRESTI, BRENDAN O'BRIEN, VINCENT ORSINI, MICHAEL RIVERA, MATHEW REICH, JOSEPH RYAN, ARTHUR TRUSCELLI, and NICHOLAS VELEZ, and approved of, oversaw, and otherwise participated in the search warrant execution and arrest and prosecution of the plaintiffs.

25. Defendant officers ANDREW KINSELLA, ROBERT HANSON, CORNELIUS BUCKLEY, MATTHEW FRIED, GERARD DELPRETE, SALVATORE DESANTIS, JOHN FANIZZI, RANDALL LITTRELL, MICHAEL LOPRESTI, BRENDAN O'BRIEN, VINCENT ORSINI, MICHAEL RIVERA, MATHEW REICH, JOSEPH RYAN, ARTHUR TRUSCELLI, and NICHOLAS VELEZ either directly participated in the above described acts of misconduct, or were aware of said conduct and failed to intervene despite a meaningful opportunity to do so.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training, and supervising of its employees, and pursuant to customs or practices of falsification and/or engaging in unnecessary arrests for purposes of maximizing overtime compensation or for other collateral objectives.

27.  The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the execution of search warrants; the treatment of innocent and/or uninvolved individuals near the location of the execution of a search warrant; that they effect unnecessary arrests that are driven by overtime compensation based on the number of arrests made on a given tour, and pursuant to a practice of falsification.

28.  Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29.  Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30.  As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and

humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and

7

SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

40. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

41. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants maliciously issued criminal process against plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, by causing them to be arraigned and prosecuted in Criminal Court.

44. Defendants caused plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA

DIXON, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

45. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs SAM CLAY and TEDDY ROBINSON.

48. Defendants caused plaintiffs SAM CLAY and TEDDY ROBINSON to be prosecuted without any probable cause until the charges were dismissed on March 7, 2013.

49. As a result of the foregoing, plaintiffs SAM CLAY and TEDDY ROBINSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

50. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants created false evidence against plaintiffs SAM CLAY, TEDDY

ROBINSON, and SHANA DIXON.

52. Defendants utilized this false evidence against plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON in legal proceedings.

53. As a result of defendants' creation and use of false evidence, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

54. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants had an affirmative duty to intervene on behalf of plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, whose constitutional rights were being violated in their presence by other officers.

57. The defendants failed to intervene to prevent the unlawful conduct described herein.

58. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

59. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and

SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

62. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

63. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

65. The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to: arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant, engaging in falsification, and making unnecessary arrests to drive up overtime compensation. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, as alleged herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, as alleged herein.

69. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, were unlawfully arrested and maliciously prosecuted.

70. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON'S constitutional rights.

71. All of the foregoing acts by defendants deprived plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To be free from malicious prosecution;

    E. To be free from malicious abuse of process; and

    F. To receive their right to fair trial.

72. As a result of the foregoing, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 12, 2014

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiffs SAM CLAY, TEDDY ROBINSON, and SHANA DIXON
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

By: _____
     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

SAM CLAY, TEDDY ROBINSON, and SHANA DIXON,

                                  Plaintiffs,

    -against-

CITY OF NEW YORK, ANDREW KINSELLA, Individually,
ROBERT HANSON, Individually, CORNELIUS BUCKLEY,
Individually, MATTHEW FRIED, Individually, GERARD
DELPRETE, Individually, SALVATORE DESANTIS,
Individually, JOHN FANIZZI, Individually, RANDALL
LITTRELL, Individually, MICHAEL LOPRESTI, Individually,
BRENDAN O'BRIEN, Individually, VINCENT ORSINI,
Individually, MICHAEL RIVERA, Individually,
MATHEW REICH, Individually, JOSEPH RYAN, Individually,
ARTHUR TRUSCELLI, Individually, NICHOLAS VELEZ,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants.

-----------------------------------------------------------------------------X

14 CV 1633
(CBA) (CLP)

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100